## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

OLITA SCITES,

                Plaintiff,

v.                                                      CIVIL ACTION NO. 2:09-cv-01261

LINCOLN COUNTY OPPORTUNITY COMPANY, INC.,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment [Docket 17]. For the reasons set forth below, Defendant's motion is **GRANTED**.

### *I. BACKGROUND*

Plaintiff Olita Scites filed this action against her former employer, Defendant Lincoln County Opportunity Company, on November 18, 2009. Plaintiff alleges that Defendant did not properly pay her for working overtime pursuant to the Federal Labor Standards Act (FLSA). Defendant filed its summary judgment motion on March 3, 2011, arguing that Plaintiff did not have permission to work overtime and that Plaintiff does not have any evidence to support her claim that she worked overtime. Plaintiff did not file a response to the motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, it is well established that the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.*

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of

2

evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### *III. DISCUSSION*

Plaintiff argues that her job duties "consistently required her to work more than 40 hours per week." (Docket 1 at 2.) She states that her supervisors told her that Defendant did not pay overtime wages, any hours worked over forty per week would be "voluntary," and she should not submit overtime hours on her time sheets. (*Id.*) Defendant counters that Plaintiff did not work overtime hours, and even if she did, the work was not permitted and therefore not payable under the FLSA.

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee bringing suit for unpaid overtime compensation, "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). An employee meets this burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687.

Defendant produced Plaintiff's time sheets, which show that Plaintiff often worked less than forty hours per week. (Docket 17-2 & -3.) Additionally, she admits that she did not record any of the hours she purportedly worked overtime. (Docket 17-1 at 5.) When asked about her time sheets in a deposition, Plaintiff's responses display that it was impossible for her to have worked over forty hours per week. Plaintiff also was unable to account for how she managed to work overtime when

she often took leave days.  In the deposition, she could not explain how she made up her leave time enough to even reach forty hours per week.[1]

The only other evidence that Plaintiff offers is that others knew that she was at work after hours.[2]  Plaintiff testified that occasionally when she was at work after hours, she would call her supervisors.  However, she did not always call them at these times and she did not offer any evidence that would show that her supervisors knew that by being there after hours she would be working over forty hours per week. (Docket 17-1 at 6.)  Additionally, Plaintiff stated that others, such as her granddaughter, could testify that Plaintiff was at work during non-regular hours.  However, these potential witnesses would have no way of knowing how many hours Plaintiff worked during a particular week.  As the record exists, the evidence is barely speculative and amounts only to a "scintilla of evidence."  Plaintiff has not met her burden that she in fact performed overtime work.

Further, Plaintiff admitted that she never obtained permission to work overtime.  To recover under the FLSA, a plaintiff must show that he was working with the knowledge of the employer.  The employer must know or have reason to believe that the employee is working.  *Davis v. Food Lion*, 792 F.2d 1274 (4th Cir. 1986); 29 C.F.R. §§ 785.11 & 785.12.  Plaintiff admitted that her time sheets did not reflect that she was working overtime and that she knew that company policy required

---

[1] Plaintiff and defense counsel specifically discussed how Plaintiff could have gotten over forty hours per week, and Plaintiff agreed that it was impossible for her to get over forty hours.  "Q: That still wouldn't have got you over forty hours, would it? A: No. It wouldn't have gotten me over forty hours."  (Docket 17-1 at 19.)

[2] "Q: Other than what you have testified to here today regarding the phone calls you made when you worked the weekends, what evidence do you have that you actually worked more than forty hours in a given week?  A:  Just the people that [k]new or was there or was with me, that is the only evidence I have."  (Docket 17-1 at 9.)

written prior approval before working overtime. (Docket 17-1 at 5-6.) Her supervisors stated that Plaintiff never received permission to work overtime. (Docket 17-4 at 3-6.) Again, the only evidence Plaintiff presented was her testimony and the fact that others knew she was there during non-regular work hours. She never reported any overtime hours, nor did she ask for payment for those hours when she was employed by Defendant. Therefore, she has not shown that Defendant had knowledge that Plaintiff was working overtime. Accordingly, there is no issue of material fact as to Plaintiff's FLSA claim.

### IV. CONCLUSION

Based on the foregoing analysis, Defendant's Motion for Summary Judgment [Docket 17] is **GRANTED**. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 13, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE